**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**COVINGTON DIVISION**

| | |
|---|---|
| In Re: | Case No. 18-21615 |
| Charles A Robinson, Jr<br>Carla M Robinson | Chapter 13 |
| Debtors. | Chief Judge Tracey N. Wise |

**OBJECTION TO CHAPTER 13 PLAN**

Toyota Motor Credit Corporation ("Creditor") by and through their undersigned counsel, hereby objects to the Debtors' Proposed Chapter 13 Plan. This objection is hereby supported by the following memorandum.

**<u>MEMORANDUM</u>**

Creditor, by and through their undersigned counsel, hereby objects to the Debtors' Chapter 13 Plan filed December 23, 2018.

The Debtor proposes to pay Creditor based upon a secured value of $24,006.00 with an interest rate of 0.00%. The vehicle in question is a 2017 TOYOTA CAMRY VIN: 4T1BF1FK7HU665418 ("Vehicle") which was purchased on April 17, 2017. The Debtors agreed to pay the entire principal balance, including interest and other charges as allowed under the terms of the security agreement. Creditor filed a Proof of Claim on February 7, 2019, claim 12-1, in the amount of $23,585.52 owed at the time of filing attached hereto as **Exhibit A**. Creditor is entitled to full contract balance of the vehicle, which was $23,585.52 at a "Till" interest rate of 7.50%. (The current Wall Street Journal published prime interest rate, plus a 2% risk factor). The plan current provides that Creditor's claim shall be entitled to an interest rate at 0.00%.

  The Chapter 13 Plan does not adequately protect the Creditor's interest in said vehicle.

Therefore, Creditor requests the confirmation of the Chapter 13 Plan be denied.

                 Respectfully Submitted,

                 /s/ Molly Slutsky Simons
                 Molly Slutsky Simons (97962)
                 Sottile & Barile, Attorneys at Law
                 P.O. Box 476
                 Loveland, OH 45140
                 Phone: 513.444.4100
                 Email: bankruptcy@sottileandbarile.com
                 Attorney for Creditor

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by the method set forth below, upon the below listed parties on February 28, 2019.

**By Notice of Electronic Filing to:**

  Michael E Plummer, Debtors' Counsel
  Plummer50@gmail.com

  Beverly M. Burden, Chapter 13 Trustee
  Notices@CH13EDKY.com

  Office of the U.S. Trustee
  ustpregion08.lx.ecf@usdoj.gov

**By United States mail to:**

  Charles A Robinson, Jr, Debtor
  4261 Ashgrove Court
  Independence, KY 41051

  Carla M Robinson, Debtor
  4261 Ashgrove Court
  Independence, KY 41051

EXHIBIT A

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | Charles A. Robinson, Jr. |
| Debtor 2 (Spouse, if filing) | Carla M. Robinson |
| | fka Carla Davis |
| United States Bankruptcy Court for the: | Eastern District of Kentucky (State) |
| Case number | 18-21615-TNW |

Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) **that you received**.

## Part 1: Identify the Claim

**1. Who is the current creditor?**
Toyota Motor Credit Corporation
Name of the current creditor (the person or entity to be paid for this claim)
Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?
Toyota Motor Credit Corporation
Name
PO Box 9013
Number    Street
Addison, Texas 75001
City           State      ZIP Code
Contact phone  (800) 766-7751
Contact email  pocquestions@nbsdefaultservices.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
_____

Where should payments to the creditor be sent? (if different)
Toyota Motor Credit Corporation
Name
P.O. Box 9490
Number    Street
Cedar Rapids, Iowa 52409-9490
City          State     ZIP Code
Contact phone
Contact email

**4. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims registry (if known) _____ Filed on _____ MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

Official Form 410                    **Proof of Claim**                    Page 1
3519-N-5361

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**
☐ No
☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: 9611

**7. How much is the claim?** $23,585.52 .
**Does this amount include interest or other charges?**
☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?** Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as healthcare information.

Goods Sold

**9. Is all or part of the claim secured?**
☐ No
☑ Yes. The claim is secured by a lien on property.

**Nature of Property:**
☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☑ Motor vehicle
☐ Other. Describe: 2017 TOYOTA  CAMRY, 4T1BF1FK7HU665418

**Basis for Perfection:** Recordation of Lien
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $23,585.52
**Amount of the claim that is secured:** $23,585.52
**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $0.00

**Annual Interest Rate** (when case was filed) 6.250000%
☑ Fixed
☐ Variable

**10. Is this claim based on a lease?**
☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**
☑ No
☐ Yes. Identify the property: _____

Official Form 410                       **Proof of Claim**                       Page 2
3519-N-5361

| 12. | **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No ☐ Yes. *Check one:* | | **Amount entitled to priority** |
|---|---|---|---|---|
| | | ☐ | Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| | | ☐ | Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C.§ 507(a)(7). | $ _____ |
| | | ☐ | Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| | | ☐ | Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| | | ☐ | Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| | | ☐ | Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $ _____ |
| | | * | Amounts are subject to adjustment on 04/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  02/04/2019
             MM / DD / YYYY

/s/ John J. Rafferty
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | John J. Rafferty | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Authorized Agent for Toyota Motor Credit Corporation | | |
| Company | Bonial & Associates, P.C. | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | P.O. Box 9013 | | |
| | Number      Street | | |
| | Addison | Texas | 75001 |
| | City | State | ZIP Code |
| Contact phone | (972) 643-6600 | Email  POCInquiries@BonialPC.com | |

Case 18-21615-tnw    Claim 18-2    Filed 02/28/19    Entered 02/28/19 08:08:43    Desc Main
                                   Document    Page 6 of 9

Case 18-21615-tnw    Claim 18-2-1    Filed 02/28/19    Desc Exhibit A    Page 4 of 7
PROOF OF CLAIM - ADDENDUM                                                        POC_ExhAConsAC
Trustee: Beverly M. Burden                                                       3519-N-5361

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | CASE NO. 18-21615-TNW |
| CHARLES A. ROBINSON, JR.<br>CARLA M. ROBINSON | § § § | CHAPTER 13 |
| FKA CARLA DAVIS | § § | JUDGE TRACEY N. WISE |

**EXHIBIT A**

ITEMIZATION OF CLAIM AND SUMMARY OF SUPPORTING
DOCUMENTS FOR CLAIM OF TOYOTA MOTOR CREDIT CORPORATION

REGARDING CERTAIN COLLATERAL DESCRIBED AS:
2017 TOYOTA   CAMRY 4T1BF1FK7HU665418

**SECTION 1. ITEMIZATION OF CLAIM**

A. <u>Total Debt as of December 23, 2018</u>
   Principal Balance                                  $23,585.52
   Accrued Unpaid Interest                                 $0.00
   Late Charges                                            $0.00

   TOTAL DEBT                                         $23,585.52

B. <u>Total Arrearage as of December 23, 2018</u>
   Regular Monthly Installments                            $0.00
   Late Charges                                            $0.00

   TOTAL ARREARAGE                                         $0.00

**Buyer (and Co-Buyer) — Name(s) and Address(es) (Include County and Zip Code)**
CHARLES ROBINSON
14460 DIXIE HWY
CRITTENDEN KY 41039
FLEMING

**Creditor (Seller) — Name and Business Address**
KERRY TOYOTA
6050 HOPEFUL ROAD
FLORENCE, KY 41042

**Meaning of Words.** In this contract, the words "you," "your" and "yours" refer to the Buyer and Co-Buyer. The word "Creditor" refers to the Creditor (Seller) named above and, after assignment, to Toyota Motor Credit Corporation ("TMCC") and any subsequent assignee.

**Who is Bound.** You may buy the vehicle described below for cash or on credit. The cash price is shown below as "Cash Price". The credit price is shown below as "Total Sale Price". By signing this contract, you choose to buy the vehicle on credit under the terms on the front and back of this contract and you are individually liable to the Creditor for any amount due.

**Description of Vehicle.** You agree to buy and the Creditor agrees to sell the following vehicle:

| New, Used or Demo | Year | Make | Model | Body Style | Vehicle Identification No. | Odometer Mileage | Primary Purpose |
|---|---|---|---|---|---|---|---|
| NEW | 2017 | TOYO | CAMR | 4DR SE | 4T1BF1FK7HU665418 | 24 | ☒ Personal, Family or Household<br>☐ Business or Commercial<br>☐ Agricultural |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. | Total Sale Price<br>The total cost of your purchase, on credit, including your down-payment of $ 1000.00 |
|---|---|---|---|---|
| 0.00 % | $ 0.00 | $ 30324.24 | $ 30324.24 | $ 31324.24 |

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Each Payment | When Payments Are Due: |
|---|---|---|
| One Deferred Downpayment of | N\A | N\A |
| 72 Regular Payments of | 421.17 | Monthly, beginning 01 JUN 2017 |
| One Final Payment of | N\A | N\A |

**Prepayment.** If you pay off all your debt early, you will not have to pay a penalty.
**Security.** You are giving a security interest in the vehicle being purchased.
**Other Terms.** Please read this contract, including the reverse side, for additional information about security interests, nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

## ITEMIZATION OF THE AMOUNT FINANCED

1 Cash Price (including any accessories, services, and taxes) .................................................. $ 26284.24
2 Downpayment
  A Trade-in Vehicle    N\A
       Year   Make   Model
    Gross Trade-in Value ........................................... $ N\A
  B Payoff of Existing Lien or Lease Balance on Trade-Vehicle ... $ N\A
  C Net Trade-in Value (A - B) (indicate if negative number) .... $ N\A
  D Remaining Cash Downpayment (including Deferred Downpayment of $ ____ payable before the due date of the first regularly scheduled payment) ........................... $ N\A
  E Rebates and Non-Cash Incentives ......................... $ 1000.00
  F Subtotal (C + D + E) ....................................... $ 1000.00
  G TOTAL DOWNPAYMENT (If Subtotal is negative, Total Downpayment is $0.00) ...... $ 1000.00 (2)
3 Unpaid Balance of Cash Sale Price (1 minus 2) ........................... $ 25284.24 (3)
4 Other Charges Including Amounts Paid to Others on Your Behalf (Seller may retain, or receive a portion of these amounts):
  A Price of Required Physical Damage Insurance Purchased from the Insurance Company Named Below-Covering Damage to the Vehicle $ N\A
  B Price of Optional Credit Insurance Purchased from the Insurance Company or Companies Named Below – Covering
    Life $ N\A  Disability, Accident and Health $ N\A .............. $ N\A
  C Price of Optional Mechanical Breakdown Protection Paid to: PREMIER PERFORMANCE – Covering
    Certain Mechanical Repairs ........................................ $ 2495.00
  D Price of Optional Guaranteed Auto Protection Purchased from the GAP Provider Named Below –
    Covering a Waiver of Deficiency upon Total Loss of Vehicle After Receipt of GAP Payment ...... $ 895.00
  E Official Fees Paid to Public Officials ................................ $ N\A
  F Taxes Paid to Government Agencies (Not Included in Cash Price) ..... $ N\A
  G Government License Fees .............................................. $ 20.00
  H Government Registration Fees ......................................... $ 3.00
  I Government Certificate of Title Fees ................................. $ 28.00
  J Other Charges (Creditor must identify who will receive payment and describe purpose):
    TO TFS           FOR TIRE & WHEEL       $ 795.00
    TO N\A           FOR N\A                $ N\A
    TO KERRY TOYOTA  FOR DOC FEE            $ 299.00
    TO TOYOTA        FOR MAINT. AGREE       $ 505.00
  Total Amounts Paid to Others on Your Behalf ............................. $ 5040.00 (4)
5 Amount Financed – (3 plus 4) ........................................ $ 30324.24 (5)

**Required Physical Damage Insurance.** Physical damage insurance is required, but you may provide the required insurance coverage through an existing policy of insurance owned or controlled by you or through anyone you want who is reasonably acceptable to the Creditor. If you buy it through the Creditor and are accepted by the insurance company, the policies or certificates issued by the insurance company will describe the terms and conditions. The purchase price of this insurance is shown in 4A of the Itemization above.

Insurance Company _____ N\A _____ Term: _____ N\A _____ months
☐ $ _____ Deductible Collision AND
☐ $ _____ Deductible Other than Collision, including Fire, Theft and Combined Additional Coverage

**Optional Credit Insurance.** Credit life insurance and credit disability insurance are not required to obtain credit, and will not be provided unless you sign below and agree to pay the purchase price, which is shown below and in 4B of the Itemization above.

| Type | Premium | Term (months) | Signature(s) |
|---|---|---|---|
| Credit Life | ☐ Single Coverage (Buyer Only) $ _____<br>☐ Joint Coverage $ _____ N\A | N/A | I want the specified credit life coverage. _____ N/A _____<br>Buyer Signature   Date   Co-Buyer Signature   Date |
| Credit Disability | Single Coverage (Buyer Only) $ _____ N\A | N/A | I want the specified credit disability coverage. _____ N/A _____<br>Buyer Signature   Date   Co-Buyer Signature   Date |

If you elect optional credit insurance coverage and are accepted by the insurance company, the terms and conditions will be as described in the policies or certificates issued by the insurance company. The original amount of the decreasing term credit life insurance will not exceed $ _____ N\A _____. Credit disability insurance payments will equal the monthly payment amount but will not be more than $ _____ N\A _____. Insurance Company _____ N/A _____

**Optional Guaranteed Auto Protection ("GAP").** GAP is not required to obtain credit and you may purchase it from anyone you want who is reasonably acceptable to the Creditor. You may purchase GAP under this contract by signing below and agreeing to pay the purchase price, which is shown in 4D of the Itemization above. If this contract is terminated as a result of total collision loss; destruction or theft of the vehicle, the Creditor agrees to waive the amount remaining due under this contract after receipt by the Creditor of: (a) all physical damage insurance proceeds, or the actual cash value of the vehicle as determined by the GAP provider; and (b) the GAP payment. However, you will remain responsible for: (i) all deductible amounts relating to physical damage insurance or GAP coverage; and (ii) any monthly payments or other charges then due and unpaid, including payments due from the date of loss of the vehicle to the date the Creditor receives the GAP payment. If you elect this optional GAP coverage and are accepted by the GAP provider, the terms and conditions will be as described in the GAP agreement issued by that provider.

GAP Provider _____
APPROVAL: YOU WANT TO OBTAIN THE GUARANTEED AUTO PROTECTION DESCRIBED ABOVE.
X _Charles L Robinson_ 17 APR 2017     N/A
Buyer Signature    Date          Co-Buyer Signature    Date

**THE INSURANCE, IF ANY, REFERRED TO IN THIS CONTRACT DOES NOT INCLUDE COVERAGE FOR PERSONAL LIABILITY AND PROPERTY DAMAGE CAUSED TO OTHERS.**

**THE ANNUAL PERCENTAGE RATE MAY BE NEGOTIATED WITH THE DEALER. THE DEALER MAY ASSIGN THIS CONTRACT AND RETAIN ITS RIGHT TO RECEIVE A PART OF THE FINANCE CHARGE.**

**Receipt of Goods and Promise to Pay.** You agree that you have received the vehicle and/or services described above, and you have accepted delivery of the vehicle in good condition. Subject to the terms and conditions on the front and back of this contract, you promise to pay to the Creditor: (i) the Total Downpayment shown above; (ii) the Amount Financed, plus the Finance Charge on the Amount Financed computed as set forth in this contract; and (iii) all other amounts due under this contract.

**IMPORTANT: THE TERMS AND CONDITIONS ON THE REVERSE SIDE OF THIS DOCUMENT ARE PART OF THIS CONTRACT. READ THESE TERMS AND CONDITIONS BEFORE SIGNING BELOW.**

You signed this contract and received a completely filled-in copy on _____ 17TH _____ APR _____ Year _____ 2017

X _Charles L Robinson_         N/A
Buyer Signature                Co-Buyer Signature

Accepted   KERRY TOYOTA         By _____ [signature] _____
           Creditor                   Signature and Title    FINANCE MGR

| This contract is assigned to TMCC subject to repurchase under the terms of the "Seller's Assignment" on the reverse side.<br>N/A | This contract is assigned to TMCC without recourse or with limited recourse under the terms of the "Seller's Assignment" on the reverse side. |
|---|---|
| Seller   By   (If Corp. or Partnership)   (Title) | Seller   By   (If Corp. or Partnership)   (Title) |

KENTUCKY (For use in the State of Kentucky)      DISTRIBUTION: WHITE – TMCC COPY; CANARY – SELLER COPY; PINK – 2 BUYER'S COPIES

**OTHER IMPORTANT AGREEMENTS**

**Payments Before or After Scheduled Due Date.** This is a simple interest contract. This means that the amount of the Finance Charge is computed based on the assumption that all payments are made when due. The Creditor credits each payment first to accrued Finance Charge, then to the unpaid balance of the Amount Financed and the remainder to unpaid charges. The Creditor computes your Finance Charge each day on the unpaid balance of the Amount Financed. The earlier you make payments before their due dates, the less Finance Charge you will owe. The Creditor will send you a check for any amount owed to you after final payment. The later you make payments after they are due, the greater the Finance Charge. The Creditor will advise you of any additional amount you owe at the end of the contract term. You understand that payment of any installment after it is due will be a default on your part as stated below.

**Ownership, Location and Risk of Loss.** You agree to pay the Creditor all you owe under this contract even if the vehicle is damaged, destroyed or missing. You agree not to sell, transfer, rent, lease or remove the vehicle from the state in which you reside on the date of this contract without the prior written permission of the Creditor. The vehicle will be at the address you specify in this contract unless another address is provided to the Creditor in writing. You will notify the Creditor in writing of any change in your address where the vehicle is regularly located. Under no circumstances will you be permitted to remove the vehicle from the United States, except to Canada and then only for a period of 30 days or less. You agree to keep the vehicle properly maintained. You agree not to expose the vehicle to misuse or confiscation. You will make sure the Creditor's security interest (lien) on the vehicle is shown on the title.

**Taxes and Other Charges.** You are responsible for and will pay when due all taxes, repair bills, storage bills, fines, assessments and other charges in connection with the vehicle. If you fail to pay these amounts the Creditor may do so for you. If the Creditor does so, you agree to repay the amount when the Creditor asks for it. You agree to comply with all registration, licensing, tax and title laws applicable to the vehicle.

**Security Interest.** You hereby grant the Creditor a security interest in: (i) the vehicle being purchased, any accessories, and equipment then installed in the vehicle, any accessories installed in or affixed to the vehicle and any replacement parts installed in the vehicle; (ii) insurance premiums and charges for mechanical breakdown protection or guaranteed auto protection contracts returned to the Creditor; (iii) proceeds of any insurance policies, mechanical breakdown protection or guaranteed auto protection contracts on the vehicle; and (iv) proceeds of any insurance policies on your life or health which are financed in this contract. This secures payment of all amounts you owe in this contract and in any transfer, renewal, extension, refinancing or assignment of this contract. It also secures your other agreements in this contract.

**Required Physical Damage Insurance.** You agree to have physical damage insurance covering loss or damage to the vehicle for the term of this contract. The physical damage insurance must name the Creditor as loss payee and must require 10 days advance written notice to the Creditor before any cancellation or reduction in the insurance coverage. You agree to deliver promptly to the Creditor whatever written proof of insurance coverage the Creditor may reasonably request. At any time during the term of this contract, if you do not have physical damage insurance which covers both the interest of you and the Creditor in the vehicle, then the Creditor may buy it for you. If the Creditor does not buy physical damage insurance which covers both interests in the vehicle, it may, if it decides, buy insurance which covers only the Creditor's interest.

The Creditor is under no obligation to buy any insurance, but may do so if it desires. If the Creditor buys either of these coverages, it will let you know what type it is and the charge you must pay. The charge will consist of the cost of the insurance and a finance charge at the Annual Percentage Rate applicable to this contract or, if that rate is not authorized, the highest lawful contract rate. You agree to pay the charge in equal installments along with the payments shown on the payment schedule.

If the vehicle is lost or damaged, you agree that the Creditor can use any insurance settlement either to repair the vehicle or to apply to your debt.

**Late Payment.** Acceptance of a late payment does not excuse your late payment or mean that you can keep making payments after they are due. The Creditor may also take the steps set forth below if there is any late payment.

**Insurance or Optional Contracts.** This contract may contain charges for insurance, mechanical breakdown protection or guaranteed auto protection contracts. If you default under this contract, you agree that the Creditor may claim benefits under these contracts and terminate them to obtain refunds for unearned charges. You agree to cooperate with the Creditor in collecting any proceeds or cancellation refunds, including executing all necessary papers.

**Insurance or Optional Contract Charges Returned to Creditor.** If any charge for required insurance is returned to the Creditor, it may be credited to the final maturing installments of your account or used to buy similar insurance or insurance which covers only the Creditor's interest in the vehicle. Any refund on optional insurance, mechanical breakdown protection or guaranteed auto protection contracts obtained by the Creditor will be credited to your account. These credits will be applied to as many of your installments as they will cover, beginning with the final installment.

**Default and Required Repayment in Full Before the Scheduled Date.** You will be in default under this contract if you fail to pay any payment according to the payment schedule; if bankruptcy or insolvency proceedings are initiated by or against you; if any person tries to take any of your property by legal proceedings while it is in your possession or control; or if you break any of the agreements in this contract. If you are in default, the Creditor can accelerate the payments under this contract and demand that you pay all that you owe at once. The Creditor may also take the steps set forth below if you default under this contract.

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

The preceding NOTICE applies only to goods or services obtained primarily for personal, family, or household use. In all other cases, you will not assert against any subsequent holder or assignee of this contract any claims or defenses you (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

**Repossession of the Vehicle for Failure to Pay.** If you default under this contract, the Creditor may, or the property where it is stored, strong as it is done peacefully and lawfully. If there is any personal property in the vehicle, such as clothing, the Creditor may take it and hold it for you. Any accessories, equipment or replacement parts will remain with the vehicle.

**Getting the Vehicle Back After Repossession.** If the Creditor repossesses the vehicle, you have the right to get it back (redeem) by paying the entire amount you owe on the contract (not just past due payments) plus any late charges, the cost of taking and storing the vehicle, and other expenses that the Creditor or assignee has had. Your right to redeem will end when the vehicle is sold or when the Creditor enters into a contract for its disposition, whichever occurs first.

**Sale of the Repossessed Vehicle.** The Creditor will send you a written notice of sale at least 10 days before selling the vehicle. If you do not redeem the vehicle by the date on the notice, the Creditor can sell it. The Creditor will use the net proceeds of the sale to pay all or part of your debt.

To the extent permitted by law, the net proceeds of sale will be figured this way: Any late charges and any charges for taking, storing, cleaning, advertising, leasing and/or selling the vehicle and any reasonable attorney fees and court costs will be subtracted from the selling price.

If you owe the Creditor less than the net proceeds of sale, the difference is owed to you unless the Creditor is required to pay it to someone else. For example, the Creditor may be required to pay a lender who has given you a loan and also taken a security interest in the vehicle.

If you owe more than the net proceeds of sale, you agree to pay the difference between the net proceeds of sale and what you owe when the Creditor asks for it. If you do not pay this amount when asked, you may also be charged interest at the Annual Percentage Rate applicable to this contract, not to exceed the highest lawful rate, until you do pay all you owe.

**Collection Costs.** If this contract is referred for collection to an attorney who is not a salaried employee of the Creditor or assignee, you agree to pay the attorney's reasonable fee and any court costs. The attorney's fee will not exceed 15% of the amount you owe. You also agree to pay the Creditor a check collection charge, as authorized by law, plus the amount charged by the financial institution for each check, draft or other form of payment which is returned or dishonored for any reason.

**Credit Information.** You hereby authorize the Creditor to investigate your creditworthiness and credit capacity in connection with the establishment, maintenance and collection of your account and to furnish information concerning you and your account, including insurance information, to credit reporting agencies and others who may lawfully receive such information.

**Interest after Maturity.** If there is a balance due when this contract matures, you agree to pay interest at the Annual Percentage Rate applicable to this contract, or if that rate is not authorized, the highest lawful rate.

**Delay in Enforcing Rights and Changes in this Contract.** The Creditor can delay or refrain from enforcing any of its rights under this contract without losing them. For example, the Creditor can extend the time for making some payments without extending others. Any change in the terms of this contract must be in writing and signed by the Creditor. No oral changes are binding. If any part of this contract is not valid, all other parts will remain enforceable.

**Warranties Seller Disclaims.** You understand that the Seller is not offering any express warranties unless: (i) the seller extends a written warranty; or (ii) the window form for a used or demonstrator vehicle indicates that the Seller is giving express warranties.

In addition, there are no implied warranties of merchantability or fitness for particular purpose or any other implied warranties by the Seller covering the vehicle unless: (i) the Seller extends a written warranty; (ii) within 90 days from the date of this contract, you enter into a service contract with the Seller which applies to the motor vehicle being purchased; or (iii) the window form for a used or demonstration vehicle states that the Seller is giving implied warranties. To the extent permitted by applicable law, the Seller shall have no responsibility to you or to any other person with respect to any interruption of service, loss of business or anticipated profit or consequential damages.

An implied warranty of merchantability generally means that the vehicle is fit for the ordinary purpose for which such vehicles are generally used. A warranty of fitness for a particular purpose is a warranty that may arise when the Seller has reason to know the particular purpose for which you require the vehicle and you rely on the Seller's skill or judgment to furnish a suitable vehicle.

This provision does not affect any warranties covering the vehicle which may be provided by the vehicle manufacturer.

**Governing Law.** This contract will be governed by the laws of the State of Kentucky.

**Used and Demonstration Car Buyer's Guide.** The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in this contract of sale. The preceding NOTICE applies only to a used or demonstration vehicle sale.

**Guía Para Compradores de Vehículos Usados o Demostraciones.** La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto todas las disposiciones en contrario contenidas en el contrato de venta. El AVISO anterior sólo aplica solamente a la venta de vehículo usado o demostración.

---

**SELLER'S ASSIGNMENT**

Seller sells and assigns to Toyota Motor Credit Corporation ("TMCC") all of its right, title and interest in this contract.

In addition to the Seller's Warranties and Representations in the Retail Sales Financing Agreement ("Master Agreement"), Seller warrants and represents that: (i) The contract arose from the retail sale of the property described on the face of the contract; (ii) Seller had title to the property at the time of sale free of any liens; (iii) All disclosures required by law were properly made to the Buyer prior to the Buyer signing the contract; (iv) All insurance disclosures made by Seller are complete, accurate and properly made in accordance with applicable law; (v) All insurance documentation will be delivered to the Buyer within the time required by law; (vi) To the best of Seller's knowledge, the Customer Statement is accurate; (vii) The downpayment received by Seller is exactly as stated; (viii) The contract is enforceable; (ix) Seller is licensed as required by law; (x) Seller has fully complied with all consumer protection, insurance and other laws and regulations applicable to the sale of any item contained in this contract; (xi) Any optional mechanical breakdown protection sold under this contract is offered for sale in connection with comparable cash transactions at a price equal to that disclosed on the face of the contract; (xii) Seller has complied with all applicable requirements of the FTC Used Motor Vehicle Trade Regulation Rule; and (xiii) The deferred downpayment, if any, is disclosed on the front side of this contract, is payable before the due date of the first regularly scheduled payment and is not subject to a finance charge.

Each of these warranties and representations is material to TMCC's acceptance of this contract. If any of them is breached or is erroneous, Seller unconditionally promises to accept reassignment of this contract and to pay TMCC, upon demand, the full amount of the unpaid balance under this contract. Seller also agrees to indemnify TMCC to the full extent of all losses or expenses incurred by TMCC as a result of such breach or error.

Seller agrees to indemnify TMCC for any judicial setoff or loss suffered as a result of a claim or defense of Buyer against Seller.

If this contract is rescinded, cancelled, voided or otherwise made unenforceable, Seller shall pay TMCC the full amount TMCC paid to purchase it.

Seller shall be liable even if a waiver, compromise, settlement or variation of the terms of the contract releases the Buyer.

Seller waives notice of acceptance of this guarantee and notices of non-payment and non-performance.

**CONTRACTS ASSIGNED SUBJECT TO REPURCHASE**

If this contract is assigned subject to repurchase, in addition to the foregoing guarantees, indemnities and obligations, Seller unconditionally guarantees to repurchase this contract in the event of a default and pay all losses and expenses incurred by TMCC as provided by the terms of the Master Agreement.

**CONTRACTS ASSIGNED WITHOUT RECOURSE OR WITH LIMITED RECOURSE.**

If this contract is assigned without recourse or with limited recourse, such assignment is without recourse to the Seller except in the circumstances set forth above and in the Master Agreement and in and to the extent that an amount is stated in the following paragraph.

Seller unconditionally guarantees that if Buyer defaults in the payment of any installment under this contract, Seller will pay, upon demand by TMCC, the unpaid balance up

to the sum of $ _____

0100KY 03/09

## Kentucky Transportation Cabinet
## Division of Motor Vehicle Licensing
### TITLE LIEN STATEMENT

July 2016

| ☐ ORIGINAL FILING | ☐ CONTINUATION | ☐ TERMINATION |
|---|---|---|
| | Original File # _____ | Original File # _____ |
| | Original File Date _____ | Original File Date _____ |
| 1. Debtor(s) Name and Address<br>CHARLES ROBINSON<br>14460 DIXIE HWY<br>CRITTENDEN KY 41039 | 2. Secured Party Name and Address<br>TOYOTA MOTOR CREDIT CORP<br>PO BOX 105386<br>ATLANTA GA 30348 | 3. For Filing Officer (Date, Time, Number and Filing Officer) |

4. Vehicle information:

| YEAR MODEL | MAKE | VEHICLE IDENTIFICATION NUMBER | ADDITIONAL DESCRIPTION |
|---|---|---|---|
| 2017 | TOYO | 4T1BF1FK7HU665418 | CAMR |

NOTE:
(1) This is a multi-purpose form that can only be used once. A new form must be completed by the Secured Party upon amendment, continuation, assignment, or termination. A termination statement must be signed by the secured party.

(2) In compliance with KRS 186A.190 (2), "the notation of security interests relating to property required to be filed in Kentucky through the county clerk shall be done in the office of the county clerk of the county in which the debtor resides" Additional information regarding the required county of residence can be found in subsections (a-j) of KRS 186A.190 (2).

_X Charles A. Robinson_
Authentication of Debtor(s)
04/17/2017
Date

_____
Authentication of Secured Party(s)
(Required for filing a termination)
04/17/2017
Date

Optional for County clerk use
Date & Time Processed: _____
Fees Collected: _____
Clerks Initials:

Recorded: COVINGTON
Doc type: MOTOR VEHICLE LIEN STAT
File No: C-614688
Doc#:
Dt/tm Recorded: 05/03/2017  12:06:10pm
Total fees: 0.00   Clerk: GABRIELLE SUHRE KENTON COUNTY CLERK